UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOSEPH MCCALLA,

        *Plaintiff*,

        *v*.

D & G MASONRY a/k/a L & G MASONRY,

        *Defendant*.

------------------------------------------------------------------------x

**16 CV 2655**

**COMPLAINT**

      Plaintiff Joseph McCalla, by his counsel, The Harman Firm, LLP, alleges for his Complaint against Defendant D & G Masonry a/k/a L & G Masonry as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff Joseph McCalla ("Plaintiff" or "Mr. McCalla") seeks damages and costs against Defendant D & G Masonry a/k/a L & G Masonry ("Defendant" or "D & G") for discriminating against Mr. McCalla based on his race (African American) by subjecting him to a hostile work environment and retaliating against him for complaining of the adverse discriminatory treatment by eliminating his hours such that he was constructively discharged. Defendant's conduct violates the Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981, and New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §§ 8-101 to 14-151.

    2.    In addition, Defendant failed to pay Plaintiff at the overtime premium rate for hours worked in excess of forty (40) in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 – 219 and New York State Labor Laws ("NYSLL"), N.Y. Lab. Law §§ 1 – 1200.

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under Section 1981 and the FLSA.

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under NYCHRL and the NYSLL, as the federal claims arise from the same set of operative facts as the state and local claims, and form part of the same case or controversy.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

4. Plaintiff respectfully requests a trial before a jury.

## PARTIES

5. Plaintiff Joseph McCalla, at all times relevant hereto, was and is a resident of Bronx County in the State of New York.

6. Upon information and belief, at all times relevant hereto, Defendant D & G Masonry a/k/a L & G Masonry was and is a corporation organized under the laws of the State of New York with offices located at 500 Central Park Avenue, Apartment 32, Scarsdale, New York 10583.

## STATEMENT OF FACTS

7. Plaintiff brings discrimination and wage and hour claims against Defendant.

**I.  Discrimination Claims**

8. Mr. McCalla is an African-American man.

9. In and around April 2015, Mr. McCalla began his employment with D & G as a Laborer earning $16.50 per hour.

10. Mr. McCalla worked in different sites around New York City with a team of D & G employees.

11. In Mr. McCalla's team, there were approximately twenty (20) workers—eighteen (18) of whom were Hispanic or white and two (2) who were African-American.

12. Mr. McCalla's Hispanic and white co-workers and managers regularly referred to him by racially charged derogatory names such as "monkey," "black crackhead," and "nigger."

13. Mr. McCalla was treated differently than his Hispanic and white counterparts. D & G demanded that Mr. McCalla appear at job sites thirty (30) minutes before his scheduled shift while allowing its Hispanic and white employees to arrive late.

14. On several occasions, Neil Gelardo, Defendant's Chief Executive Officer, sent Mr. McCalla home if he arrived to work later than 6:30 a.m. even if he arrived before his shift actually began at 7 a.m. Mr. McCalla watched as all the D & G's Hispanic and white employees arrived onto the site after their scheduled time and were not sent home.

15. On or about May 1, 2015, Mr. McCalla suffered a rash after having gotten cement on his face the previous day. D & G's foreman, known only to Mr. McCalla as "Mario," and another co-worker laughed at Mr. McCalla. When he asked them why they were laughing, the co-worker responded, "You got that rash from too much sucking dick, raccoon."

16. Mr. McCalla immediately reported the incident to Mr. Gelardo. Mr. Gelardo failed to take any action to correct this misconduct.

17. In and around the end of May 2015, Mr. Gelardo split up D & G's two African American employees, sending them to different sites. This left Mr. McCalla as the only African American worker on his team.

18. On or about June 3, 2015, Mr. McCalla asked Mario where he should place some construction materials, to which Mario responded, "Put it up your ass, nigger." Mr. McCalla was extremely offended and embarrassed as other co-workers laughed.

19. Mr. McCalla reported the incident to Mr. Gelardo, who assured Mr. McCalla that he would speak to Mario.

20. Following the complaint, Mario retaliated against Mr. McCalla for opposing his discriminatory conduct by harassing Mr. McCalla more intensely.

21. On or about January 4, 2016, Mario smacked Mr. McCalla on his buttocks. Mr. McCalla felt invaded and uncomfortable, telling Mario that he did not welcome being touched in that way. Mario laughed and responded, "Okay raccoon, now go up on the scaffold. Fucking work or go home."

22. Mr. McCalla tried to report the incident to Mr. Gelardo, who ignored him for several days.

23. When Mr. McCalla finally did reach Mr. Gelardo, Mr. Gelardo told him that the incident would be dealt with. Mr. McCalla heard nothing further about his complaint.

24. On or about January 22, 2016, Mr. McCalla showed up to a job site. Confused by being the only D & G employee present, Mr. McCalla called D & G's foreman, known only to Mr. McCalla as "Wilson," to inform him that no one was on site. Wilson responded, "Dumb ass

black nigger don't know shit," and, "Don't call me no fucking more. I don't want to see your black bitch face no more."

25. Mr. McCalla immediately complained to Mr. Gelardo about Wilson's derogatory racial slurs, once again to no avail.

26. Mr. McCalla's harassers were never reprimanded for their grossly offensive discriminatory remarks and conduct. In fact, Mr. Gelardo supported Wilson's and Mario's discriminatory conduct by stating that they "weren't racists."

27. After Mr. McCalla's January 22, 2016, complaint against Wilson, D & G retaliated against Mr. McCalla by refusing to schedule him for any more work.

28. By refusing to schedule him for work, D & G functionally terminated Mr. McCalla.

**II.     Wage and Hour Claims**

29. D & G did not compensate Mr. McCalla for hours worked over forty (40) at the overtime premium rate, or one-and-a-half hours his normal hourly rate.

30. Mr. McCalla regularly worked approximately forty-five (45) hours per week, from 6:30 a.m. to 3:30 p.m.

31. Additionally, at least once a month, Mr. McCalla worked the same shift over the weekend, totaling a fifty-four (54) hour workweek.

32. D & G either paid Mr. McCalla for hours worked in excess of forty (40) hours worked (i) in cash at his usual hourly rate (not the overtime premium rate) (ii) or transferred the hours to a pay period where he worked less than forty (40) hours per week.

33. D & G never paid Mr. McCalla at the required overtime rate.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Hostile Work Environment Based on Race in Violation of Section 1981

34. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 33 with the same force as though separately alleged herein.

35. Section 1981 prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

36. Defendant discriminated against Plaintiff by subjecting him to offensive, racially motivated comments that were so severe and pervasive that they altered the terms, conditions, or privileges of his employment.

37. As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

38. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SECOND CAUSE OF ACTION
### Retaliation in Violation of Section 1981

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 38 with the same force as though separately alleged herein.

40. Section 1981 prohibits employers from retaliating against any employee for making a complaint of racial discrimination.

41.     Plaintiff properly complained to Defendant about racial discriminators' comments and conduct.

42.     Defendant retaliated against Plaintiff by, *inter alia*, subjecting him to further offensive, racially motivated harassment, refusing to reprimand the discriminatory behavior, and eliminating his hours such that he was constructively discharged.

43.     As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic and non-economic damages, including, but not limited to, back pay and front pay, as well as emotional distress and suffering, all in amounts to be determined at trial.

44.     Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL

45.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46.     The NYCHRL prohibits employers from discriminating against an employee in compensation, terms, conditions or privileges of employment on the basis of race.

47.     Defendant discriminated against Plaintiff by subjecting him to offensive, racially motivated comments and treating him less well than non-African American coworkers.

48.     Plaintiff properly complained to Defendant about racial discriminators' comments and conduct.

49.     As a direct and proximate consequence of Defendant's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

50.     Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of the NYCHRL**

51.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52.     NYCHRL prohibits retaliation by an employer against an employee for complaining of discriminatory practices illegal within the NYCHRL.

53.     Plaintiff properly complained to Defendant about racial discriminators' comments and conduct.

54.     Defendant retaliated against Plaintiff by, *inter alia*, subjecting him to further offensive, racially motivated comments, refusing to reprimand discriminatory behavior, and eliminating his hours such that he was constructively discharged.

55.     As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial economic damages.

56.     Defendant's retaliation toward Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**FIFTH CAUSE OF ACTION**
**Unpaid Overtime in Violation of the FLSA**

57. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 56 with the same force as though separately alleged herein.

58. At all relevant times, Plaintiff was an "employee" and Defendant was an "employer," as contemplated under the FLSA.

59. FLSA mandates that employers must compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

60. Defendant willfully and intentionally violated the Fair Labor Standards Act's overtime requirement by not paying Plaintiff at the overtime premium rate for any overtime worked.

61. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b), or which the Court deems appropriate.

**SIXTH CAUSE OF ACTION**
**Unpaid Overtime in Violation the NYLL**

62. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 61 with the same force as though separately alleged herein.

63. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the NYSLL.

64. Defendant willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour

9

worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

65. Due to the Defendant's NYSLL violations, Plaintiff is entitled to recover from the Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

66. Plaintiff is entitled to compensatory damages, punitive damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate

## Request for Relief

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first claim, actual damages to be determined at trial, but in no event less than $250,000;

B. For the second claim, actual damages to be determined at trial, but in no event less than $400,000;

C. For the third claim, actual damages to be determined at trial, but in no event less than $400,000;

D. For the fourth claim, actual damages to be determined at trial, but in no event less than $250,000;

E. For the fifth claim, damages to be determined at trial; and

F. For the sixth claim, damages to be determined at trial.

G. An award of compensatory, assumed, and punitive damages;

H. Pre-judgment and post-judgment interest;

I. Attorneys' fees and costs; and

J. For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 8, 2016

                                    THE HARMAN FIRM, LLP

                                    By: _____
                                    Walker G. Harman, Jr. [WH-8044]
                                    220 Fifth Avenue, Suite 900
                                    New York, NY 10001
                                    (212) 425-2600
                                    wharman@theharmanfirm.com

                                    *Attorneys for Plaintiff*

11