```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
  JOSEPH MCCALLA,                              :  Case No. 16-cv-2655 (KPF)
                                               :
                        Plaintiff,             :
                                               :  ANSWER
       v.                                      :
                                               :
  D & G MASONRY a/k/a L & G MASONRY,           :
                                               :
                        Defendant.             :
-------------------------------------------------------------x
```

Defendant D & G Masonry Corp., incorrectly named in the above action as "D & G Masonry a/k/a L & G Masonry" ("**D&G**" or "**Defendant**"), by and through its counsel, Cermele & Wood LLP, as and for its Answer to the Complaint of plaintiff Joseph McCalla ("**Plaintiff**"), states as follows:

## PRELIMINARY STATEMENT

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations contained in the second paragraph 1 of the Complaint, which sets forth a legal conclusion to which no response is required.

2. Defendant neither admits nor denies the allegations contained in the second paragraph 2 of the Complaint, which sets forth a legal conclusion to which no response is required.

3. Defendant neither admits nor denies the allegations contained in paragraph 3 of the Complaint, which sets forth a legal conclusion to which no response is required.

## TRIAL BY JURY

4. Defendant neither admits nor denies the allegations contained in paragraph 4 of the Complaint, as no response is required.

## PARTIES

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

## STATEMENT OF FACTS

7. Defendant neither admits nor denies the allegations contained in paragraph 7 of the Complaint, as no response is required.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION**
(*Hostile Work Environment Based on Race in Violation of Section 1981*)

34. Defendant repeats and reasserts its responses to paragraphs 1 through 33 of the Complaint as if set forth herein again at length.

35. Defendant neither admits nor denies the allegations contained in the second paragraph 35 of the Complaint, which sets forth a legal conclusion to which no response is required.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION**
(*Retaliation in Violation of Section 1981*)

39. Defendant repeats and reasserts its responses to paragraphs 1 through 38 of the Complaint as if set forth herein again at length.

40. Defendant neither admits nor denies the allegations contained in the second paragraph 40 of the Complaint, which sets forth a legal conclusion to which no response is required.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION**
(*Hostile Work Environment in Violation of the NYCHRL*)

45. Defendant repeats and reasserts its responses to paragraphs 1 through 44 of the Complaint as if set forth herein again at length.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION**
(*Retaliation in Violation of the NYCHRL*)

51. Defendant repeats and reasserts its responses to paragraphs 1 through 50 of the Complaint as if set forth herein again at length.

52. Defendant neither admits nor denies the allegations contained in the second paragraph 52 of the Complaint, which sets forth a legal conclusion to which no response is required.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION**
(*Unpaid Overtime in Violation of the FLSA*)

57. Defendant repeats and reasserts its responses to paragraphs 1 through 56 of the Complaint as if set forth herein again at length.

58. Defendant neither admits nor denies the allegations contained in the second paragraph 58 of the Complaint, which sets forth a legal conclusion to which, no response is required.

59. Defendant neither admits nor denies the allegations contained in the second paragraph 59 of the Complaint, which sets forth a legal conclusion to which no response is required.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFF'S SIXTH CAUSE OF ACTION**
(*Unpaid Overtime in Violation of NYLL*)

62. Defendant repeats and reasserts its responses to paragraphs 1 through 61 of the Complaint as if set forth herein again at length.

63. Defendant neither admits nor denies the allegations contained in the second paragraph 63 of the Complaint, which sets forth a legal conclusion to which no response is required.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim fails to state a cause of action upon which relief may be granted under Section 1981 of the Civil Rights Act of 1866 ("**Section 1981**"), 42 U.S.C. Section 1981, and New York City Human Rights Law ("**NYCHRL**"), N.Y. Admin. Code Section 8-101 to 14-151, because Plaintiff has no standing to sue under Section 1981 or NYCHRL and/or did not engage in protected activity to confer standing to sue under Section 1981.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to mitigate his alleged losses (his entitlement to which is denied) but failed to do so; alternatively, any claims for relief must also be set off and/or reduced by wages,

compensation, commissions, benefits and all other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with reasonable diligence.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable under any claims alleged in the Complaint.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to exhaust his administrative remedies.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained any of the damages alleged, such damages were caused or contributed to by the acts, omissions or negligence of Plaintiff or third parties over which Defendant had no control.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were caused in whole or in part by the culpable conduct of Plaintiff. Plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct of Plaintiff bears to the total culpable conduct causing any damages sustained by Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant has at all times relevant herein complied in good faith with all of its obligations under any applicable laws and regulations, including, but not limited to, Section 1981, the NYCHRL and the N.Y. Labor Law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

All claims in the Complaint which were not the subject of a timely filed Charge with the United States Equal Employment Opportunity Commission or other federal, state or local employment agencies are barred.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant states that there were legitimate, non-discriminatory and non-retaliatory reasons for its actions which were not pretextual and it has not willfully or intentionally violated Section 1981, or any other statute, and that Defendant has neither taken nor ratified any action with regard to Plaintiff with discriminatory or retaliatory purpose or intent, but rather has acted in good faith and has not authorized any action prohibited by law and has not committed any unlawful employment practices and its actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business function that would have been taken regardless of any alleged discrimination or retaliation.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has a policy prohibiting discrimination based on race and said policy provided an available procedure by which its employees could bring complaints and such complaints would be subject to prompt remedial action reasonably calculated to end such alleged harassment, and to the extent Plaintiff failed to take advantage of preventative or corrective opportunities provided in this policy or otherwise, Plaintiff's claims are barred.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead with particularity special damages sufficient to apprise Defendant of the nature of special damages claimed, as such, Plaintiff is precluded from recovering such damages.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, the charge(s) of discrimination filed with any fair employment practices agency authorized to receive such charges.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

Alternatively, in the event that the Court or a jury should ever conclude that Plaintiff's alleged protected class or activity was a factor in the employment actions challenged by Plaintiff, Defendant affirmatively avers that the same employment decision(s) would have been made absent consideration of Plaintiff's alleged protected class or activity.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the employment-at-will doctrine because Defendant terminated Plaintiff for a lawful, non-discriminatory, and non-retaliatory reason.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Defendant has not engaged in any retaliatory practices with malice or reckless indifference to Plaintiff's federally or statutorily protected rights and therefore any claims by Plaintiff for punitive damages under Section 1981 and Title VII are barred.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant has made good-faith efforts through its adoption of anti-discrimination and anti-retaliation policies and education of its personnel to comply with the employment discrimination laws.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has pled and filed this action in bad faith and therefore should be barred from any recovery in this action.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

If any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, which Defendant expressly denies, it was outside the course and scope of those employees' employment with Defendant, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any relief that otherwise may be due to Plaintiff in this case, the entitlement to which Defendant expressly denies, is limited in whole or in part by the after-acquired evidence doctrine.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

No conduct of Defendant formed the direct or proximate cause of any damages alleged by Plaintiff, including, but not limited to loss of income, emotional distress, pain and suffering, mental anguish, indignity, humiliation, embarassment, damage to reputation, loss of enjoyment or life, or anxiety experienced by Plaintiff, if any; therefore, Plaintiff cannot recover such damages in this case.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintif's claims are frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to an award of attorney's fees and costs associated with the defense of this action.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that unlawful acts occurred – which Defendant expressly denies – any claim by Plaintiff for punitive damages is barred because any discriminatory or unlawful acts were committed by individuals who were not acting in a managerial capacity.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that unlawful acts occurred – which Defendant expressly denies – Defendant is not liable for punitive damages, if any, because any unlawful employment decisions were contrary to its good faith efforts to comply with the anti-discrimination statutes.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Even assuming, *arguendo*, that unlawful acts occurred – which Defendant expressly denies – any claim by Plaintiff for punitive damages is barred because Defendant did not authorize or ratify any alleged discriminatory acts and was not reckless in hiring the employee(s) who committed the alleged discriminatory acts.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that it exercised reasonable care to prevent and correct promptly any harassing behavior and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity or to avoid harm otherwise.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable herein to the extent that any of its managers and/or agents acted beyond the scope of their actual or apparent authority.

## AS AND FOR THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information as to whether it may have additional, yet unstated, defenses to the Complaint. Defendant hereby reserves its right to assert additional defenses and to amend its Answer during the course of this action.

**WHEREFORE**, Defendant respectfully demands judgment dismissing the Complaint and awarding costs, expenses and reasonable attorneys' fees to Defendant for compelling it to defend this frivolous action, together with such other and further relief the Court deems just and proper.

Dated: White Plains, New York
May 25, 2016

**CERMELE & WOOD LLP**

By: _____
Gregory J. Skiff (GS1954)
Mark Cermele (MC4596)
2 Westchester Park Drive, Suite 205
White Plains, New York 10604
(Tel) 914.967.2753
greg@cw.legal

*Attorneys for Defendant*
*D & G Masonry Corp.*

**TO:** Walker G. Harman, Jr., Esq.
**THE HARMAN FIRM, LLP**
220 Fifth Avenue, Suite 900
New York, New York 10001
(Tel) 212.425.2600
wharman@theharmanfirm.com

*Attorneys for Plaintiff Joseph McCalla*